```
                                                              FILED
                                                          IN CLERK'S ...
                                                        US DISTRICT CO...
UNITED STATES DISTRICT COURT                              ★ AUG 25 2011
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X    BROOKLYN OF...
KEVIN OLIVER,
```

                Plaintiff,           **REPORT AND RECOMMENDATION**
                                                      07-CV-4516 (SLT)(LB)
    - against -

DETECTIVE EDWARD ROGAN and
NASSAU COUNTY POLICE DEPARTMENT,

                Defendants.
------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        The instant *pro se* action was referred to me for all pretrial purposes. Plaintiff filed this action while he was incarcerated at Rikers Island. The action was stayed pending resolution of criminal charges against plaintiff. On June 13, 2011, defendants' counsel informed the Court that mail sent to plaintiff at his last mailing address care of the Keener Assessment and Rapid Re-housing Shelter was returned as undeliverable and that defendants had no new address for plaintiff. A copy of the Court's Order directing plaintiff to contact the Court with his current address has been returned to the Court. Plaintiff has not provided the Court with his current address and the Court has no address for plaintiff other than at the Keener Assessment and Rapid Re-housing Shelter. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed without prejudice.

## BACKGROUND

        Plaintiff originally filed this *pro se* action on October 22, 2007. Docket entry 1. Plaintiff's complaint alleges false arrest, due process violations, and malicious prosecution, in relation to his robbery, burglary and menacing convictions. Id. at 4, 8-9. On March 4, 2008, the Court stayed the action pending plaintiff's appeal of the criminal convictions, and directed defendants' counsel to advise the Court on the status of plaintiff's appeal by July 14, 2008. The action has remained stayed, with



1

defendants' counsel providing regular updates on the status of plaintiff's criminal appeal. See docket entries 18, 20-21, 23-24, 26-27, 30, 32, 36, 39, 43. Plaintiff has similarly updated the Court as to his new mailing addresses, see docket entries 6, 29, 31, most recently on February 1, 2011, where plaintiff indicated that he was homeless, transferred from shelter to shelter, currently staying at a hotel but using the address of the Keener Assessment and Rapid Re-housing Shelter on Wards Island to receive mail. Docket entry 40.

On June 13, 2011, defendants' counsel advised the Court that mail sent to plaintiff at the Wards Island address was returned as undeliverable, and that his office is unaware of any forwarding or new address for plaintiff. On June 16, 2011, the Court ordered plaintiff to contact the Court with his current address by July 13, 2011, or the Court would dismiss the case without prejudice as abandoned. That Order, sent to plaintiff at the Wards Island address, was returned to the Court as undeliverable. Docket entry 47. Plaintiff has not contacted the Court or defendants with his current address.

## DISCUSSION

When a party changes addresses, it is his or her obligation to notify the Court of the new address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997). This rule applies not only to represented parties but also to *pro se* litigants. See id.; see also Handlin v. Garvey, No. 91 Civ. 6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all *pro se* plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny that litigant relief. See, e.g., Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Plaintiff last contacted the Court on February 3, 2011, shortly after he informed the Court of his mailing address on Wards Island. Docket entry 40. The Court's most recent Order was sent to plaintiff at that address; it was returned as undeliverable. See docket entry 47. The Court has no address for plaintiff and no way to contact him. Although the case has been stayed pending plaintiff's appeal of his criminal convictions, with no contact information for plaintiff, it would be futile to allow the case to continue or to enter any further order. Plaintiff has apparently abandoned the action. I therefore recommend that plaintiff's action should be dismissed without prejudice.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed without prejudice and this case should be closed.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any request for an extension of time in which to file objections must be made within the fourteen-day period. Failure to timely file an objection to the Report and Recommendation generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

LOIS BLOOM
United States Magistrate Judge

Dated: August 24, 2011
Brooklyn, New York